**[Cite as *Rauch v. Calligan*, 2021-Ohio-2056.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STEVEN R. RAUCH | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29027 |
| | : | |
| v. | : | Trial Court Case No. 2020-CV-2772 |
| | : | |
| JOHN CALLIGAN IN HIS OFFICIAL | : | (Civil Appeal from |
| CAPACITY AS ZONING | : | Common Pleas Court) |
| ADMINISTRATOR OF JEFFERSON | : | |
| TOWNSHIP, et al. | : | |
| | : | |
| Defendants-Appellees | | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of June, 2021.

. . . . . . . . . . .

TERRY W. POSEY, JR., Atty. Reg. No. 0078292, 109 North Main Street, Suite 500, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

JEFFREY C. TURNER, Atty. Reg. No. 0063154, DAWN M. FRICK, Atty. Reg. No. 0069068 and ALEX J. HALE, Atty. Reg. No. 0091682, 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458
      Attorneys for Defendants-Appellees

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Plaintiff-appellant, Steven R. Rauch, appeals from the trial court's final order of January 14, 2021, in which the court affirmed a decision of the Jefferson Township Board of Zoning Appeals ("BZA"). The BZA found in the underlying decision that a conditional use permit granted to Rauch effective December 12, 2018, authorizing the operation of a Class II composting facility, had expired on December 12, 2019, because Rauch purportedly failed to make any actual use of the property identified in the permit for the operation of such a facility.

{¶ 2} Raising one assignment of error, Rauch argues that the trial court erred by affirming the BZA's decision because it was essentially an unlawful revocation of the approval of a Class II composting facility registration issued by the Ohio Environmental Protection Agency (EPA); because the court disregarded evidence that he did use the property identified in the conditional use permit issued by the BZA; because the court affirmed an arbitrary interpretation of Section 304(F) of that version of the Jefferson Township Zoning Resolution which applies to the permit; and because compliance with Section 304(F) would have been impossible. We hold that the trial court abused its discretion by omitting a determination of whether the record supported the board's decision, and further, that the court erred as a matter of law by finding implicitly that Rauch failed to make use of the property identified in the permit as a composting facility. As such, the trial court's judgment will be reversed, and the matter will be remanded to the trial court for further proceedings.

## I. Facts and Procedural History

{¶ 3} In March 2014, Rauch applied for a permit to operate a Class II composting facility on property he owns in Jefferson Township. *Rauch v. Jefferson Twp. Bd. of*

*Zoning Appeals*, 2d Dist. Montgomery No. 27743, 2018-Ohio-4233, ¶ 1; *see* Transcript of BZA Hearing 6:4-6:24, June 18, 2020; Ohio Adm.Code 3745-560-02(C) (defining the term "Class II solid waste composting facility"). The township's zoning administrator denied Rauch's application, so he appealed to the BZA. Following a public hearing, the BZA issued a decision affirming the denial. Rauch then commenced an administrative appeal in the Montgomery County Court of Common Pleas. The common pleas court reversed the decision of the BZA and remanded the matter with instructions to issue Rauch a conditional use permit.

{¶ 4} On August 18, 2016, the BZA held a public hearing, leading to the issuance of Zoning Certificate 003-2014. Rauch objected to certain conditions attached to the certificate, leading to a second administrative appeal. The common pleas court affirmed three of the challenged conditions and reversed three. An appeal to this court ensued, and we affirmed the judgment of the common pleas court. *Rauch* at ¶ 1.

{¶ 5} The BZA held a second hearing on June 18, 2020, after which it issued a revised certificate with an effective date of December 12, 2018. At the time, Section 304(F) of the Jefferson Township Zoning Resolution specified that a conditional use permit issued by the BZA would "expire * * * after the expiration of [12] months from the [effective] date thereof, unless the [applicant] has actually, within such period, put the subject property to the purpose for [which the permit] was granted." Transcript of BZA Hearing 6:4-6:24, June 18, 2020. Consistent with Section 304(F), Zoning Certificate 003-2014 stated that it would expire on December 12, 2019.[1] *Id.* at Exhibit 2.

---

[1] The conditional use permit issued to Rauch bears the heading "zoning certificate," and we refer to it accordingly.

{¶ 6} Work on the design and financing of the proposed composting facility began in January 2019, and on May 10, 2019, Rauch submitted a composting facility registration application to the Ohio EPA.  *Id.* at Exhibit 8.  With the nominal expiration date of the certificate approaching, and Rauch's registration application still pending, Jefferson Township's zoning administrator—who has since retired—informed Rauch on December 4, 2019, that the one-year period under Section 304(F) "would not end until the [Ohio] EPA had made a decision" on the application, but in a letter dated December 17, 2019, the zoning administrator notified Rauch that the certificate had "expired on December 12, 2019," because Rauch had "not put the subject property to the purpose * * * for which the [certificate] was granted," given that the facility was not "up and operating."  *Id.* at 19:2-19:13, 20:8-20:22, 64:24-65:1 and Exhibit 19.  On December 16, 2019, the Ohio EPA approved Rauch's registration application.  *Id.* at Exhibit 20.

{¶ 7} Rauch appealed to the BZA, which affirmed the zoning administrator's determination in its decision of July 2, 2020.  A third administrative appeal to the Montgomery County Court of Common Pleas followed on July 16, 2020.  The common pleas court affirmed the BZA's decision on January 14, 2021, and Rauch timely filed a notice of appeal to this court on January 27, 2021.

**II. Analysis**

{¶ 8} For his single assignment of error, Rauch contends that:

THE TRIAL COURT SHOULD HAVE REVERSED THE DECISION OF THE BOARD OF ZONING APPEALS AS BEING CONTRARY TO LAW, ARBITRARY AND CAPRICIOUS, AND UNSUPPORTED BY THE FACTS.

{¶ 9} Rauch presents four arguments for reversal of the trial court's final order of

January 14, 2021. First, Rauch posits that the trial court erred as a matter of law by affirming the BZA's decision because the underlying determination that Zoning Certificate 003-2014 expired on December 12, 2019, is essentially an unlawful revocation of the "Acknowledgement of Registration" granted by the Ohio EPA. Appellant's Brief 15; Transcript of BZA Hearing, Exhibit 20. Second, Rauch maintains that the "[t]rial [c]ourt's decision is unreasonable" because the court disregarded the fact that he "actually put the property [identified in the zoning certificate] to the purpose for which the [certificate] was [issued] by [submitting a registration application to] the [Ohio] EPA * * * and satisfying the [applicable] site conditions." Appellant's Brief 17. Third, Rauch faults the trial court for affirming the "arbitrary" interpretation of Section 304(F) adopted by the BZA, inasmuch as that interpretation would make "a conditional use permit for a commercial composting facility * * * worthless[,] * * * unless the permit holder [could obtain] Ohio EPA approval and [complete construction of the facility] within a year." *See id.* at 24. Fourth, Rauch claims that compliance with Section 304(F) is impossible "because obtaining an Ohio EPA permit takes a long time." *Id.* at 27.

{¶ 10} R.C. 2506.01(A) allows "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state [to] be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located." The common pleas court must consider the " 'whole record' " of the underlying administrative action, "including any new or additional evidence admitted under R.C. 2506.03," and should determine "whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable,

and probative evidence." (Citation omitted.) *Henley v. City of Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000).

{¶ 11} Pursuant to R.C. 2506.04, the "judgment of the [common pleas] court may [itself] be appealed by any party on questions of law as provided in the Rules of Appellate Procedure." The "standard of review to be applied by the court of appeals," however, "is 'more limited in scope.' " (Emphasis omitted.) *Henly* at 147, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). Whereas a common pleas court has an obligation to weigh evidence, R.C. 2506.04 " 'grants [discretion] to [a] court of appeals to review the judgment of the common pleas court only on 'questions of law.' " *Id.*, quoting *Kisil* at 34, fn. 4. The court of appeals " 'must not substitute [its] judgment for [that] of an administrative agency or a trial court absent the approved criteria for [reversal].' " *Id.*, quoting *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261, 533 N.E.2d 264 (1988). On factual issues, the court of appeals may "determine only whether the common pleas court abused its discretion in finding there was reliable, probative, and substantial evidence to support the administrative order." (Citations omitted.) *Young v. Washington Twp. Bd. of Zoning Appeals*, 2d Dist. Montgomery No. , 2017-Ohio-5503, ¶ 32.

{¶ 12} Here, the trial court found that "at the time the [Ohio] EPA [Acknowledgement of Registration] was issued, [Zoning Certificate 003-2014] had already expired," meaning that the BZA's decision did not effect an unlawful revocation of the Acknowledgment of Registration. Decision, Order and Entry Affirming the Decision of the BZA 5, Jan. 14, 2021. The trial court found further that the interpretation of Section 304(F) adopted by the BZA was reasonable; according to this interpretation,

Rauch did not "put [the property identified in the zoning certificate] to the purpose" for which the certificate was issued because the composting facility was not "up and running by December 12, 2019." *Id.* Additionally, the trial court found that Rauch had not shown that compliance with Section 304(F) was impossible. *Id.*

{¶ 13} The trial court, however, failed to determine whether Rauch had put his property to the requisite use by applying for registration with the Ohio EPA, despite noting that Rauch had argued as much. *See id.* at 2 and 3-6. Although the court concluded that the interpretation of Section 304(F) adopted by the BZA "was reasonable," the court did not expressly consider whether the record supported the BZA's decision. Inasmuch as the court thus implicitly found that the BZA's decision was supported by the preponderance of the evidence, we hold that the trial court abused its discretion. *See Henley,* 90 Ohio St.3d at 147, 735 N.E.2d 433*; Young* at ¶ 32.

{¶ 14} At the BZA's hearing on June 18, 2020, Jefferson Township's former zoning administrator—who signed the letter of December 17, 2019, informing Rauch that Zoning Certificate 003-2014 had expired—acknowledged that he initially told Rauch that the period of one year specified in Section 304(F) would not begin to run until the Ohio EPA granted Rauch's application for registration. *See* Transcript of BZA Hearing 16:22-19:13. The trial court observed that the zoning certificate "clearly indicated that it would expire on December 12, 2019," but the stated expiration date depended upon the application of Section 304(F), pursuant to which the certificate would not expire so long as Rauch put the property to the purpose of operating a composting facility.

{¶ 15} Under R.C. 3734.02 and Ohio Adm.Code 3745-560-200(A)-(B), Rauch was prohibited from establishing a new Class II composting facility without first submitting a

registration application, an executed financial assurance instrument pursuant to Ohio Adm.Code 3745-503-05, and a solid waste license pursuant to Ohio Adm.Code 3745-501. Zoning Certificate 003-2014, moreover, imposed the ongoing requirement that Rauch "provide an independent third party to monitor Bear Creek" for "protection from contaminant run-off and any underground seepage," including the semi-annual collection of "upstream and downstream samples" to be "analyzed for total nitrogen, phosphorus and biological oxygen demand." Transcript of BZA Hearing, Exhibit 2. The record provides evidence that shortly after the zoning certificate's effective date of December 12, 2018, Rauch undertook efforts to comply with the requirements that he apply for registration with the Ohio EPA, that he execute a financial assurance instrument, and that he engage a third party to monitor the water quality in Bear Creek. *Id.* at Exhibits 6, 8-10, 13 and 15.

{¶ 16} Rauch's compliance with the conditions attached to Zoning Certificate 003-2014 and the regulatory requirements imposed by the Ohio Administrative Code were integral to his operation of a Class II composting facility because he could not lawfully operate such a facility otherwise. Consequently, we hold as a matter of law that Rauch put the property identified in the zoning certificate to the purpose of operating a composting facility by taking the foregoing actions to satisfy the associated legal and regulatory requirements. Solely on this basis, Rauch's assignment of error is sustained.

### III. Conclusion

{¶ 17} The trial court abused its discretion by omitting an express determination of whether the record comprised probative, reliable and substantial evidence in support of the BZA's decision of July 2, 2020. Furthermore, as a matter of law, we hold that Rauch

put the property identified in Zoning Certificate 003-2014 to the purpose of operating a Class II composting facility by applying for registration with the Ohio EPA, by executing a financial assurance instrument as required by Ohio Adm.Code 3745-503-05, and by engaging a third party to satisfy the ongoing requirement, set forth in the conditions to the zoning certificate, that he engage a third party to monitor the water quality of Bear Creek. Therefore, the trial court's final order of January 14, 2021, is reversed, and this case is remanded to the trial court with instructions to enter an order reversing the BZA's decision of July 2, 2020.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Terry W. Posey, Jr.
Jeffrey C. Turner
Dawn M. Frick
Alex J. Hale
Hon. Dennis J. Adkins